# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

**CYNTHIA J. JOHNSTON,**

  **Plaintiff,**

**v.**            **CASE NO.:**_____

**DIRECTV, INC., a California corporation,**
**and ALLIED INTERSTATE, INC., a**
**Minnesota corporation,**

  **Defendants.**

_____/

## VERIFIED COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES

  **COMES NOW** Plaintiff, Cynthia J. Johnston ("Plaintiff"), by and through the undersigned law firm and sues Defendants, Directv, Inc., ("DIRECTV") and Allied Interstate, Inc. ("ALLIED") (collectively DIRECTV, and ALLIED are sometimes referred to herein as "Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

  1.  Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §1681 *et seq.*, the Fair Credit Reporting Act (the "FCRA"), Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act (the "FCCPA") and Florida common law.

## JURISDICTION AND VENUE

  2.  This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1367.

3.     Venue is proper in this District because the acts, transactions and occurrences giving rise to this cause of action occurred here, the Plaintiff resides here, and the Defendants transact business here.

## PARTIES

4.     Plaintiff, is a natural person who is a resident of the city of Old Town, County of Dixie, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

5.     Defendant DIRECTV is a satellite television company providing television programming throughout the country, and is doing business in Dixie County, Florida.

6.     Defendant ALLIED is a Minnesota corporation whose sole business purpose is to collect debts and is doing business in Dixie County, Florida and is a "debt collector" as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6).

7.     At all times mentioned herein, ALLIED was an agent or employee of DIRECTV and by conducting themselves as herein alleged, was acting within the course and scope of such agency or employment and was acting with the consent, permission and authorization of DIRECTV.

8.     All conduct alleged herein by ALLIED was authorized, approved and/or ratified by one or more officers, directors, or managers of DIRECTV, and DIRECTV knew in advance that ALLIED was likely to so conduct themself and allowed to so act with conscious disregard of the rights and safety of others.   The conduct alleged herein was despicable, fraudulent, oppressive, and done with malice.

## FACTUAL ALLEGATIONS

9.     In November 2005, Plaintiff opened an account with DIRECTV in order to receive satellite television programming at her residence at 260 NE 542 Street, Old Town, Florida.

10.     At no time prior to November 2005 did Plaintiff receive satellite television programming from DIRECTV or receive any other type of services from DIRECTV.

11.     On or about February 27, 2006, Plaintiff received a letter from Capital One advising her that her recent request for an extension of credit from Capital One had been denied. Capital One stated that the reason for the denial of credit was based upon "a serious delinquency and public record, or collection filed". Capital One's denial of credit letter is attached hereto as Exhibit "A".

12.     Shocked to have received Capital One's denial of credit letter, Plaintiff, on March 5, 2006, immediately reviewed her Experian Credit Report and discovered that CBE Group, Inc., was reporting a past due amount of $54.00 owed to DIRECTV (the "Alleged Debt"). The Alleged Debt was being reported as past due to DIRECTV from October 2005. Plaintiff's Experian Credit Report is attached hereto as Exhibit "B".

13.     The Alleged Debt was the only negative item on Plaintiff's Experian Credit Report.

14.     Plaintiff did not have any accounts with DIRECTV in October 2005.

15.     Plaintiff never received a bill or an account statement from DIRECTV indicating that the Alleged Debt was owed in October 2005.

16.     Plaintiff telephoned DIRECTV and informed a DIRECTV representative of the inaccuracy of the reporting of the Alleged Debt and that she did not have an account with

DIRECTV in October 2005. In the same telephone call Plaintiff was advised by the DIRECTV representative that an error had occurred and the Alleged Debt was not owed.

17. On or about March 9, 2006 Plaintiff sent letters by certified mail to CBE Group, Inc., and Experian informing each of the inaccurate reporting of the Alleged Debt, advising each of her previous conversation with the DIRECTV representative where she was told that she did not owe the Alleged Debt, and that the inaccurate reporting caused her to be denied a loan. Plaintiff requested that the erroneous reporting of the Alleged Debt cease and be removed from her credit report. Copies of the certified letters to CBE Group, Inc., and Experian are attached hereto as Composite Exhibit "C".

18. On or about July 9, 2006, Plaintiff received a telephone call from a representative of Riddle & Associates, P.C., a Utah based law firm who prosecutes debt collection matters, in another attempt to collect the Alleged Debt. The representative of Riddle & Associates, P.C. advised Plaintiff that they had been hired by DIRECTV to collect the Alleged Debt.

19. Plaintiff explained to the Riddle & Associate, P.C. representative that she did not owe the Alleged Debt, as it was an error on behalf of DIRECTV. Plaintiff informed the Riddle & Associate, P.C. representative that she had previously spoken to DIRECTV and was told by the DIRECTV representative that she did not owe the Alleged Debt. Plaintiff asked that she no longer be telephoned about the Alleged Debt.

20. On or about July 10, 2006, Plaintiff received a debt validation letter from Riddle & Associates, P.C. (the "Debt Validation Letter"). The Debt Validation Letter is attached hereto as Exhibit "D".

21. On or about July 10, 2006, Plaintiff sent a letter by certified mail to Riddle & Associates, P.C. in response to the previous day's telephone call and the Debt Validation Letter.

Plaintiff again advised Riddle & Associates, P.C. of the inaccurate reporting of the Alleged Debt, her previous conversation with the DIRECTV representative where she was told that an error had been made and she did not owe the Alleged Debt, and that Riddle & Associates, P.C. were to no longer contact her by telephone. Furthermore, Plaintiff also asked that Riddle & Associates, P.C. not to report the Alleged Debt to credit bureaus.

22.     Exasperated and frustrated with DIRECTV's continued efforts in attempting to collect the erroneous Alleged Debt, Plaintiff sent a letter by certified mail to DIRECTV on or about July 13, 2006, asking DIRECTV to stop all collection efforts and to cease reporting the Alleged Debt as delinquent, due, owing and derogatory. Plaintiff's July 13, 2006 letter to DIRECTV is attached hereto as Exhibit "E".

23.     Plaintiff never received a response from DIRECTV to her July 13, 2006 letter.

24.     On or about June 6, 2007, Plaintiff received a letter from ALLIED informing her that DIRECTV has placed the Alleged Debt with ALLIED for collection. ALLIED, on behalf of DIRECTV, seeks to collect the same Alleged Debt DIRECTV attempted to previously collect and previously advised Plaintiff was not owed. ALLIED's June 6, 2007 letter is attached hereto as Exhibit "F".

25.     ALLIED and DIRECTV knowingly and intentionally continue to attempt to collect the Alleged Debt despite having previous knowledge of the erroneous nature of the Alleged Debt.

26.     ALLIED and DIRECTV continue to use false, deceptive or misleading representations in an effort to collect the Alleged Debt.

27.     The reporting of the Alleged Debt and the actions of DIRECTV, and ALLIED have damaged Plaintiff resulting in a diminished credit rating and wrongful denials of extensions of credit.

## COUNT I

## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692 *et seq.*

28.     This is an action against ALLIED for violations of the FDCPA 15 U.S.C. § 1692 *et seq*.

29.     Plaintiff realleges and incorporates paragraphs one (1) through twenty-seven (27) as if fully set forth herein.

30.     The debt alleged to be owed to DIRECTV is a "debt" as defined by 15 U.S.C. § 1692a(5) in that some or all of the debt is an obligation allegedly incurred by Plaintiff arising out of a transaction in which the money, property, insurance, or services which are subject of the transaction were primarily used for personal, family, or household purposes.

31.     ALLIED, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails.

32.     The principal purpose of the business of ALLIED is the collection of debts and regularly collects or attempts to collect, directly or indirectly, debts owed or due another.

33.     15 U.S.C. § 1692e(2)(A) provides, in pertinent part, as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

> (2) The false representation of—
>     (A) the character, amount or legal status of any debt;

34.    ALLIED, despite having knowledge that the Alleged Debt is not owed to DIRECTV, then subsequently attempting to collect the same debt at a later time, engaged in conduct that was designed to harass, oppress or abuse Plaintiff in violation of 15 U.S.C. § 1692e.

35.    15 U.S.C. § 1692e(10) provides, in pertinent part, as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

36.    ALLIED has violated 15 U.S.C. §1692e(10) by using the false representation that the Alleged Debt is valid and attempting to collect the debt from Plaintiff.

37.    15 U.S.C. § 1692f(1) provides, in pertinent part, as follows:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limitation the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt permitted by law.

38.    ALLIED is using unfair and unconscionable means to collect the Alleged Debt which is not expressly authorized in any agreement between Plaintiff and DIRECTV in violation of 15 U.S.C. § 1692f.

39.    As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged, including without limitation through mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of the capacity for the enjoyment of life and is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, (3) reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681s-2(b)

40.    Plaintiff realleges and incorporates paragraphs one (1) through twenty-seven (27) as if fully set forth herein.

41.    This is an action against ALLIED for violations of the Fair Credit Reporting Act, FCRA, 15 U.S.C. § 1681 *et seq*.

42.    Upon information and belief, ALLIED is a subscriber of the national credit reporting agencies, TransUnion, Experian and Equifax.

43.    ALLIED prepared, complied, issued, assembled, and communicated inaccurate, erroneous, blatantly false information regarding Plaintiff, as defined in FCRA.

44.    ALLIED communicated false consumer information regarding Plaintiff to third parties and verified it as true and accurate such that ALLIED communicated to Plaintiff that this inaccurate information would remain on her credit report.

45.    ALLIED willfully violated 15 U.S.C. §1681s-2(b) by failing to conduct a reasonable investigation with respect to the Alleged Debt, failing to review all relevant information available to Defendants.

46.    ALLIED's conduct, action and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n of FCRA.

47.    Plaintiff is entitled to recover costs and attorney's fees from ALLIED in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o of FCRA.

## COUNT III

### VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT, Fla. Stat. § 559.55 *et seq.*

48.     This is an action against ALLIED for violations of the Fla. Stat. § 559.55 *et seq.*

49.     This is an action agasint DIRECTV for violations of the Fla. Stat. § 559.55 *et seq.*

50.     Plaintiff realleges and incorporates paragraphs one (1) through twenty-seven (27) as if fully set forth herein.

51.     The debt alleged to be owed to DIRECTV, is a "consumer debt" as defined by Fla. Stat. § 559.55(1) in that some or all of the Alleged Debt is an obligation allegedly incurred by Plaintiff incident to the purchase of property or services which were primarily used for personal, family, or household purposes.

52.     ALLIED communicated certain information to Plaintiff, as set forth in the above paragraphs, which acts constitute a "communication" as defined by Fla. Stat. § 559.55(5).

53.     DIRECTV communicated certain information to Plaintiff, as set forth in the above paragraphs, which acts constitute a "communication" as defined by Fla. Stat. § 559.55(5).

54.     ALLIED is engaged in the business of soliciting consumer debts for collection or of collecting consumer debts and is therefore subject to Fla. Stat. § 559.55 *et seq.*

55.     DIRECTV is a person under Florida law and is therefore subject to Fla. Stat. § 559.55 *et seq.*

56.     Fla. Stat. § 559.72 provides, in pertinent part, as follows:

In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

9

57.    ALLIED, despite having previously known the Alleged Debt is not owed to DIRECTV, then subsequently attempting to collect the same debt at a later time violated Fla. Stat. § 559.72(9) by attempting to enforce a debt known to be not legitimate.

58.    DIRECTV, despite having previously known the Alleged Debt is not owed to it, then subsequently attempting to collect the same debt at a later time violated Fla. Stat. § 559.72(9) by attempting to enforce a debt known to be not legitimate.

59.    Due to the above violation of Florida law by ALLIED, Plaintiff has suffered damages including without limitation through mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of the capacity for the enjoyment of life and is entitled to an award of actual and statutory damages under Fla. Stat. § 559.77.

60.    Due to the above violation of Florida law by DIRECTV, Plaintiff has suffered damages including without limitation through mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of the capacity for the enjoyment of life and is entitled to an award of actual and statutory damages under Fla. Stat. § 559.77.


## COUNT IV

## SLANDER OF CREDIT

61.    Plaintiff realleges and incorporates paragraphs one (1) through twenty-seven (27) as if fully set forth herein.

62.    This is an action against ALLIED for slander under Florida common law.

63.    This is an action against DIRECTV for slander under Florida common law.

64.     ALLIED's willful and malicious statements including, but not limited to, the dissemination of blatantly false information on Plaintiff's credit report without regard to the truth, constitutes slander of credit in violation of Florida law.

65.     DIRECTV's willful and malicious statements including, but not limited to, the dissemination of blatantly false information regarding Plaintiff's indebtedness to a third party without regard to the truth, constitutes slander of credit in violation of Florida law.

66.     As a result of Defendants' slander of credit, Plaintiff has suffered detriment to her reputation and a bad credit rating resulting in an inability to obtain credit; mental anguish, anxiety, and humiliation in an amount to be determined at trial.

67.     Plaintiff will prove the damages suffered as a result of Defendants' conduct in an amount to be proven at trial.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against the Defendants in her favor and finding that Defendants' actions have: (1) violated the FDCPA; (2) violated FCRA; (3) violated FCCPA; (4) violated Florida common law; (5) awarding Plaintiff her actual damages, statutory damages, attorneys' fees and costs; and, (6) granting any and all such further relief as is deemed necessary or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs are entitled to and hereby respectfully demand a trial by jury.   US Const. amend. 7 and Fed.R.Civ.P. 38.

 Dated:  October 22, 2007.

Respectfully Submitted,


 _/s/ Damon M. Ellis_____
DAMON M. ELLIS, ESQ.
Florida Bar No. 0111864
e-mail: dellis@saxongilmore.com
ANTHONY A. HAYDEN, ESQ.
Florida Bar No. 0512052
e-mail: ahayden@saxongilmore.com
SAXON, GILMORE, CARRAWAY,
GIBBONS, WILCOX & LASH, P.A.
Fifth Third Center
201 E. Kennedy Blvd., Suite 600
Tampa, Florida 33602
Phone: (813) 314-4500
Facsimile: (813) 314-4555
Counsel for Plaintiff

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF FLORIDA

COUNTY OF  ALACHUA

     I, Cynthia J. Johnston, having first been duly sworn and upon oath, deposes and says as follows:

    1.    I am the Plaintiff in this civil proceeding.

    2.    I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

    3.    I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

    4.    I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

    5.    I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                               *Cynthia J. Johnston*
                                               Cynthia J. Johnston

    The foregoing instrument was sworn to and subscribed before me this 2nd day of OCT., 2007, by Cynthia J. Johnston, who is personally known to me or has produced _____ (type of identification) as identification.

                                              *Debra L Donley*
                                      Notary Public – State of 3|5|2010
                                        My Commission Expires:  FlA.

e:\johnston\pldg\complaint.doc



DEBRA L. DONLEY
MY COMMISSION # DD 488358
EXPIRES: March 5, 2010
Bonded Thru Notary Public Underwriters

13