IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CYNTHIA J. JOHNSTON,

        Plaintiff,

v.

DIRECTV, INC., a California corporation, and
ALLIED INTERSTATE, INC., a Minnesota
corporation,

        Defendants.
_____/

CASE NO.: 1:07cv217-SPM/AK

**DEFENDANT DIRECTV, INC.'S MOTION TO DISMISS COUNT IV OF
PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

        Defendant, DIRECTV, INC. ("DIRECTV"), by and through its undersigned counsel and pursuant to Fed.R.Civ.P. 12(b)(6), hereby moves to dismiss Count IV of Plaintiff's Complaint, and in support thereof states as follows:

**I.    INTRODUCTION**

        Plaintiff's complaint (the "Complaint") states two claims against DIRECTV, INC.: Violation of Florida's Consumer Collections Practices Act (Fla. Stat. § 559.55 *et seq.*); and "slander of credit." Plaintiff's slander of credit claim is preempted by the Fair Credit Reporting Act ("FCRA), however, which exclusively governs credit reporting activity. Indeed, without a showing of malice, Plaintiff cannot assert *any* state law cause of action arising from credit reporting activity. Plaintiff fails to allege any facts indicating malice here, and, in fact, concedes that DIRECTV only made an "*error*." Thus, Plaintiff's slander of credit claim is barred.

Even if the claim was not preempted, Plaintiff fails to plead the factual allegations required to constitute a claim for slander of credit. First, most of Plaintiff's allegations consist of nothing more than labels, legal conclusions and formulaic recitations that fail even to satisfy basic notice pleading standards. With these inadequate allegations properly ignored, the elements of the slander of credit claim are simply not there. Second, the Complaint fails to allege that DIRECTV intended to prevent Plaintiff from obtaining credit, a necessary element of the cause of action. Consequently, Plaintiff's claim for slander of credit is insufficient as a matter of law.

## II.     MATERIAL ALLEGATIONS AGAINST DIRECTV

Plaintiff alleges that she opened a DIRECTV account in November of 2005. Complaint, ¶ 9. Plaintiff alleges she was denied credit in February 2006, allegedly as a result of credit reporting by DIRECTV. *Id*. at ¶¶ 11, 12. Plaintiff alleges this credit reporting was inaccurate. *Id*. at ¶¶ 16, 17. Plaintiff alleges that she responded by contacting a DIRECTV representative who advised her that "an error has occurred and the Alleged Debt was not owed." *Id*. at ¶ 16. Plaintiff alleges that this debt resulted in various collections efforts by other companies. *Id*. at ¶¶ 18, 20, 24.

Plaintiff's remaining "allegations" are merely conclusions. For example, Plaintiff alleges that "DIRECTV's willful and malicious statements including, but not limited to, the dissemination of blatantly false information regarding Plaintiff's indebtedness to a third party without regard to the truth, constitutes slander of credit in violation of Florida law." *Id*. at ¶ 65. These conclusory allegations are nothing more than blanket assertions of entitlement to relief that are inadequate substitutes for factual allegations raising a right to relief.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (overruled on other grounds). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where it presents a cognizable legal theory yet fails to plead essential facts under the theory. *See Neitzke v. Williams,* 490 U.S. 319, 326 (1989). Under Rule 12(b)(6), a complaint's "[f]actual allegations must be enough to raise a right to relief above a speculative level[,] . . . [and must contain] enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1957)). "If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts." *Weisbuch v. Country of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997).

### IV. ARGUMENT

#### A. Plaintiff's Claim For "Slander Of Credit" Is Preempted By The Fair Credit Reporting Act

Plaintiff's claim for "slander of credit" is preempted by the FCRA. Section 1681h(e) of the FCRA provides that:

> *no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information* against . . . any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to 15 USC § 1681g, 1681h, or 1681m . . . *except as to false information furnished with malice or willful intent to injure such consumer.*

15 U.S.C. §1681h(e) (emphasis added).

It is clear that Plaintiff's slander of credit claim arises from credit reporting activity. *See* Complaint, at ¶¶ 12, 16, & 19. Plaintiff's claim is therefore based on information allegedly disclosed to potential creditors pursuant to Section 1681m of the FCRA (establishing the duties

of users of such information) and, as such, is preempted by the FCRA. *Id*.

Cases construing the FCRA "have uniformly held that this 'limitation of liability' provision in *Section 1681h(e) operates to preempt state common law causes of action*" based on disclosures regulated by the FCRA. *Harper v. TRW, Inc*., 881 F. Supp. 294, 298 (E.D. Mich. 1995) (citing several cases from other federal circuits holding state common law claims are preempted) (emphasis added).[1]  Accordingly, a furnisher of credit information, such as DIRECTV here, cannot be held independently liable under common law claims, unless the plaintiff can show that inaccurate information was reported with malice or willful intent to injure the plaintiff. *Young v. Equifax Credit Info. Servs. Inc.*, 294 F.3d 631, 638 (2002). Plaintiff alleges no facts to support a finding of malice here.

Malice requires a "state of mind which is reckless of law and of the legal rights of the citizen . . ." *Ramsey v. State*, So. 855, 856 (1934); *see also Mino v. Clio Sch. Dist*., 255 Mich. App. 60, 73 (Mich. Ct. App. 2003) (in the context of common law defamation "[a]ctual malice is defined as knowledge that the published statement was false or as reckless disregard as to whether the statement was false . . . Ill will, spite, or even hatred, standing alone, do not amount to actual malice"). Plaintiff concludes that DIRECTV's "dissemination of blatantly false information" was "willful and malicious," but provides no facts supporting that conclusion. Complaint, ¶ 65. In fact, the only relevant facts alleged suggest DIRECTV's conduct did not rise to the level of malice or willfulness. Plaintiff claims a DIRECTV representative informed her

---

[1] Courts have also recognized that 15 U.S.C. § 1681h(e) provides a "non-exclusive" list of tort causes of action ("*in the nature of* defamation, invasion of privacy, or negligence) which are preempted by the FCRA. *See Nelski v. Ameritech*, 2004 Mich. App. LEXIS 1798, *18 (Mich. Ct. App. 2004) (quoting *Carlson v Trans Union, LLC*, 259 F. Supp. 2d 517, 521 (ND Texas, 2003)). Thus, as the District Court for the Eastern District of Michigan recognized, section 1681h(e) operates to *preempt all state common law causes of action based on conduct regulated by the FCRA*. *Harper v. TRW, Inc*., 881 F. Supp. 294, 298 (E.D. Mich. 1995); *see also Laracuente v. Laracuente*, 252 N.J. Super. 384, 390 (Law Div. 1991) ("section 1681h(e) of the Act bars any common law action brought by the consumer").

"that an *error* had occurred and the alleged debt was not owed." *Id*. at ¶ 16 (emphasis added). Plaintiff even alleges that she informed Riddle & Associate, P.C. that DIRECTV had made an "*error*." *Id*. at ¶ 19.

Plaintiff's conclusory allegations coupled with her claim that DIRECTV's actions were an "error," do not substitute for allegations supporting a finding of malice and willfulness. In fact the Supreme Court has held that courts need not "accept as true a legal conclusion couched as a factual allegation," and that "*factual allegations must be enough to raise a right to relief above the speculative level*." *Twombly*, 127 S.Ct. at 1965 (emphasis added).

The Complaint offers no plausible basis for inferring that DIRECTV acted with malicious intent to harm Plaintiff. *Id*. at 1974 (complaint must offer "enough facts to state a claim for relief that is plausible on its face"). Without such facts, Plaintiff cannot seek relief independent of the FCRA, and her common law claim against DIRECTV is therefore preempted. 15 U.S.C. § 1681h(e).

### B. Plaintiff Fails To Allege Facts Sufficient To Constitute A Claim For "Slander Of Credit"

Plaintiff's claim for slander of credit also fails for lack of sufficient allegations and a complete failure to address a required element of the claim. The factual elements of a cause of action for slander of credit require a showing that: (1) DIRECTV made false statements regarding Plaintiff's indebtedness with the knowledge they were false; (2) those statements were made willfully and *with malice*; and (3) DIRECTV had the intent to prevent Plaintiff from procuring credit. *Musto v. Bell South Telecommunications Corp.*, 748 So. 2d 296, 297 n.1 (1999). Plaintiff attempts to dispense with these pleading requirements with a formulaic recitation of the first two elements, with no factual support, and fails completely to make any allegations as to DIRECTV's intent to prevent Plaintiff from procuring credit.

The U.S. Supreme Court has recently clarified that "a plaintiff's obligation to provide the

grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65 (citations omitted).

*Twombly* confirms that notice pleading does not require courts "to accept as true a legal conclusion couched as a factual allegation," and that "*factual allegations must be enough to raise a right to relief above the speculative level*." *Id*. at 1965 (emphasis added) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). Blanket statements of liability are not sufficient:

> Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.

*Twombly*, 127 S.Ct. at 1965 n.3. Plaintiff's Complaint fails to meet this standard and fails to address a required element.

Plaintiff alleges "DIRECTV's willful and malicious statements including, but not limited to, the dissemination of blatantly false information regarding Plaintiff's indebtedness to a third party without regard to the truth, constitutes slander of credit in violation of Florida law." Complaint, ¶ 65. This allegation has no factual support and simply concludes DIRECTV acted "willfully" and "maliciously," and that DIRECTV had no regard for the truth. Indeed, the only factual allegation that touches on DIRECTV's intent is an admission that a DIRECTV representative advised Plaintiff "that an *error* had occurred." *Id*. ¶ 16 (emphasis added). An "error" is far removed from the "malicious" conduct required to state a cause of action for slander of credit. *See Musto*, 748 So. 2d at 297 n.1.

Even if Plaintiff had made proper allegations as to the first two elements of the claim, the

Complaint contains no allegations, conclusory or otherwise, that DIRECTV acted with the "intent of preventing the plaintiff from procuring credit." *Id*. There is no cause of action for slander of credit where the defendant did not act with this intent. *See id.* The only allegations that could cast any light on DIRECTV's intended purpose are those where Plaintiff alleges DIRECTV hired Riddle & Associates, P.C. and Allied to collect the debt. *Id*. at ¶¶ 18, 22. These allegations at most support an inference DIRECTV intended to recover a debt, not that DIRECTV intended to prevent Plaintiff from obtaining credit. Consequently, Plaintiff has not satisfied the requirement that she allege DIRECTV had the specific intent to prevent Plaintiff from obtaining credit.

With only conclusory allegations as to the first two elements and no allegation as to the last, Plaintiff's claim for slander of credit fails as a matter of law and should be dismissed. FRCP 12(b)(6).

### V.   Conclusion

Plaintiff's slander of credit claim is both preempted and insufficient on its face. DIRECTV therefore respectfully requests that the Plaintiff's slander of credit claim be dismissed without leave to amend.

WHEREFORE, for the foregoing reasons, Defendant DIRECTV, INC. respectfully requests that this Court dismiss count Four of Plaintiff's Complaint for slander of credit, *with prejudice*, and grant such further relief that the Court deems just, proper and equitable under the circumstances.

Dated this 3rd day of December, 2007.

                         Respectfully submitted,

                         */s/ Jeffrey A. Sudduth*
                         Jeffrey A. Sudduth, Esq.
                         Florida Bar No. 169950
                         Legon Ponce & Fodiman, P.A.
                         1111 Brickell Avenue
                         Suite 2150
                         Miami, FL 33131
                         Tel.: (305) 444-9991
                         Fax: (305) 444-9937

                         and

                         David S. Reidy (SBN 225904)
                         REED SMITH LLP
                         Two Embarcadero Center, Suite 2000
                         San Francisco, CA  94111-3922
                         Tel.: (415) 543-8700
                         Fax.: (415) 391-8269

                         *Attorneys for Defendant*
                         *DIRECTV, INC.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 3, 2007, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF system, which sent an electronic copy to: Damon Michael Ellis at damon.ellis@saxongilmore.com, Anthony Alexander Hayden at ahayden@saxongilmore.com, and Matthew Porter Julian at mjulian@bakerlaw.com.

                         /s/ Jeffrey A. Sudduth
                         Jeffrey A. Sudduth